IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CASWELL A. CRAWFORD, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 11-296 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by Petitioner, Caswell A. Crawford, be denied.

**II.  REPORT**

Petitioner is a federal inmate who is incarcerated at the Federal Correctional Institution, McKean. He contends that the Bureau of Prisons (the "Bureau" or the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, see, e.g., United States v. Wilson, 503 U.S. 329, 331 (1992), erred in computing his federal sentence.

**A.  Relevant Background**

On November 12, 1991, Petitioner was arrested by local law enforcement officers in Belle Glade, Florida, and charged with First Degree Murder and Armed Robbery at the Palm Beach County Circuit Court's Criminal Docket No. 91-13993CF. After his arrest, he was held in the custody of the

Palm Beach County Sheriff's department without bond. [ECF No. 10-3 at 4-5, Resp's Ex. 2, Declaration of Kara Carr at ¶ 6(a). See also ECF No. 10-3 at 14, Resp's Ex. 2a].

On June 24, 1992, the Grand Jury for the U.S. District Court for the Northern District of Florida returned a single count indictment against Petitioner, charging that from January 1, 1989, through January 1, 1992, he conspired to possess with intent to distribute crack cocaine. The following day, on June 25, 1992, a federal arrest warrant was issued. Less than a month later, on or around July 22, 1992, Petitioner, while in state/local custody, was arrested by federal authorities and charged with Conspiracy to Possess with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. § 846. [ECF No. 10-3 at 5, Resp's Ex. 2, Carr Decl. at ¶¶ 6(b)-(d)].

On March 17, 1993, Petitioner pleaded guilty in Palm Beach County Circuit Court, at Criminal Docket No. 91-13993CF, to Robbery with a Deadly Weapon, Second Degree Murder, and Shooting into an Occupied Vehicle. [ECF No. 10-3 at 5, Resp's Ex. 2, Carr Decl. at ¶ 6(e)].

About one month later, on April 16, 1993, the U.S. District Court for the Northern District of Florida issued a writ of habeas corpus *ad prosequendum* so that Petitioner could appear in federal court to answer his federal charges. At the time, Petitioner was in a local jail and had not yet been sentenced on his state convictions. The U.S. Marshals Service ("USMS") took temporary custody of him pursuant to the writ of habeas corpus *ad prosequendum*. [ECF No. 10-3 at 5, Resp's Ex. 2, Carr Decl. at ¶ 6(f); ECF No. 10-3 at 17, Resp's Ex. 2b; ECF No. 10-3 at 22, Resp's Ex. 2c].

As will be discussed below, because state/local authorities had arrested Petitioner first, he was in the "primary custody" of the State of Florida. The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. See Ponzi v. Fessenden, 258 U.S. 254 (1922). See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982);

2

George v. Longley, No. 11-2406, 2012 WL 541535, *1-2 (3d Cir. Feb. 21, 2012). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, *e.g.*, granting bail, dismissal of charges, or parole release. George, No. 11-2406, 2012 WL 541535, at *1 n.4. Custody also can expire at the end of a sentence. Id.

A prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002). The receiving sovereign – in this case, the federal government – is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. Id.

On July 2, 1993, Petitioner pleaded guilty to the federal charge and, on October 20, 1993, the U.S. District Court for the Northern District of Florida sentenced him to a term of imprisonment of 420 months. The Judgment and Commitment order reflected that his offense conduct concluded on January 1, 1992. When the federal district court judge imposed Petitioner's sentence, he was silent as to whether he intended the federal sentence to run concurrently with any other sentence to which Petitioner was subject. [ECF No. 10-3 at 5, Resp's Ex. 2, Carr Decl. at ¶ 6(h); ECF No. 10-4 at 2-4, Resp's Ex. 2e].

The federal sentencing order was lodged as a detainer with the Palm Beach County Jail. [ECF No. 10-3 at 5, Resp's Ex. 2, Carr Decl. at ¶ 6(i); ECF No. 10-3 at 22, Resp's Ex. 2c]. On or around

3

November 2, 1993, the USMS returned Petitioner to the Palm Beach County Jail in satisfaction of the federal writ of habeas corpus *ad prosequendum*. [ECF No. 10-3 at 4, Resp's Ex. 2, Carr Decl. at ¶ 6(j)].

On November 5, 1993, the Palm Beach County Circuit Court, in Criminal Case Number 91-13993CF, sentenced Petitioner to a total aggregate term of 25 year' imprisonment for his convictions of Robbery with a Deadly Weapon, Second Degree Murder, and Shooting into an Occupied Vehicle. The state court judge ordered that the sentence run concurrently with the federal sentence that had been imposed by the U.S. District Court for the Northern District of Florida. He also ordered that Petitioner receive 724 days credit against his state sentence, which appears to be for the 724 days Petitioner served in primary state custody from November 12, 1991 (the date of his arrest) through November 4, 1993 (the day before his state sentence was imposed). [ECF No. 10-3 at 6, Resp's Ex. 2, Carr Decl. at ¶ 6(k)].

Petitioner remained in state custody to serve his state sentence. He also faced more state criminal charges. On March 29, 1995, he was sentenced in state court in Leon County, Florida to a 146-month term of imprisonment for Trafficking in Cocaine in Criminal Case No. 95-00346. Nearly a year later, on February 26, 1996, he was sentenced in state court in Hendry County, Florida, to a term of imprisonment of five years for Escape in Criminal Case No. 95-00188. [ECF No. 10-3 at 6, Resp's Ex. 2, Carr Decl. at ¶¶ 6(l)-(m)].

Petitioner satisfied his state sentences on December 25, 2009. The state released him to the custody of the USMS in accordance with his federal detainer on January 19, 2010. [ECF No. 10-3 at 6, Resp's Ex. 2, Carr Decl. at ¶¶ 6(n)-(o)]. The BOP commenced his federal sentence on that date pursuant to 18 U.S.C. § 3585(a). It also determined that Petitioner was entitled to 24 days of presentence-commencement credit (commonly known as "prior custody credit") under 18 U.S.C. § 3585(b). That credit is for the time served from December 26, 2009 (the day after he was released from his state sentence) through January 18, 2010 (the date before his federal sentence commenced).

The BOP has calculated Petitioner's federal sentence as consecutive to his state sentence. This means that it has refused to give him a retroactive concurrent designation under 18 U.S.C. § 3621(b) (discussed below), which would have allowed the state prison to be the place where he began service of his federal sentence.[1] Assuming that Petitioner receives all good conduct time available to him under 18 U.S.C. § 3624(b), his current projected release date is June 23, 2040. [ECF No. 10-3 at 8-12, Resp's Ex. 2, Carr Decl. at ¶¶ 7-17; ECF No. 10-4 at 17, Resp's Ex. 2j].

The evidence of record demonstrates that the State of Florida credited against Petitioner's state sentences all of the time that he spent in official detention between the date his federal offense conduct was deemed to have concluded (January 1, 1992) through December 25, 2009, including all of the time that he was in the temporary custody of federal authorities pursuant to the writ of habeas corpus *ad prosequendum*. [ECF No. 10-3 at 10-11, Resp's Ex. 2, Carr Decl. ¶ 15].

Petitioner challenges the BOP's sentence calculation and contends that it should be recalculated so as to run concurrent with his state sentence, so that he is credited against his federal sentence for all of the time he served on his state sentences. Respondent has filed his Answer [ECF No. 10] to which Petitioner has filed a Reply [ECF No. 11].

**B.     Discussion**

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]"

---

[1]     When a federal court imposes a prison sentence, Congress has authorized the BOP to designate "any available penal or correctional facility that meets minimum standards of health and habitability ... whether maintained by the Federal Government or otherwise[.]" 18 U.S.C. § 3621(b). This statute provides the BOP with broad discretion to choose the location of an inmate's imprisonment, so long as the factors enumerated in the statute are considered. Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).

28 U.S.C. § 2241(c)(3). Petitioner contends that he is in custody in violation of the federal sentencing statutes because the BOP has calculated his sentence incorrectly.

The following statutes are relevant to the evaluation of the petition: 18 U.S.C. § 3584(a), which governs a federal sentencing court's authority to order that a federal sentence be served concurrently with a state sentence; 18 U.S.C. § 3621(b), which governs the BOP's authority to designate a state prison as a place of confinement for service of a federal sentence; 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and 18 U.S.C. § 3585(b), which governs the amount of prior custody credit that an inmate may receive. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05").[2]

### 1. The determination of whether a federal sentence is concurrent with, or consecutive to, a state sentence

### (a) Statutory and policy background

In determining whether Petitioner is entitled to any habeas relief, this Court must first examine whether the BOP violated federal law in computing Petitioner's federal sentence as consecutive to his state sentences pursuant to 18 U.S.C. § 3584(a). This analysis also requires a consideration of whether the BOP abused its discretion in declining to grant Petitioner a retroactive, or *nunc pro tunc*, concurrent

---

[2] BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." Reno v. Koray, 515 U.S. 50, 61 (1995). The BOP policies at issue in this case are contained in Program Statements and are not also published in any federal regulation, and thus are not subject to public notice and comment before adoption. Therefore, they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984). They are, however, entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011), cert. denied, 132 S.Ct. 1068 (2012).

designation pursuant to 18 U.S.C. § 3621(b) and Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) (discussed below). See PS 5160.05, Pages 5-7.

Section § 3584(a) provides, in relevant part:

[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.… *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently*.[3]

(Emphasis added).

In applying § 3584(a), the BOP presumes that federal and state sentences are to be served consecutively unless the federal sentencing court orders that the sentences are to be served concurrently.[4] See PS 5880.28, Chapt. 1, Pages 31-33; PS 5160.05, Pages 2-7. In this case, the federal district court judge who imposed Petitioner's sentence did not order that his federal sentence was to be served concurrent with any state sentence. Therefore, although the state court judge in Criminal Case Number 91-13993CF subsequently directed that the term of imprisonment that he imposed was to run concurrently with the federal sentence, the BOP did not automatically consider Petitioner's federal sentence to run concurrent with his state sentence because the federal district court judge had not so ordered.

---

[3] The BOP recognizes that "[o]n occasion, a federal court will order the federal sentence to run concurrently with or consecutively to a not yet imposed term of imprisonment. Case law supports a court's discretion to enter such an order and the federal sentence shall be enforced in the manner prescribed by the court." PS 5880.28, Chapt. 1, Page 32A. The Supreme Court recently confirmed in Setser v. United States, — U.S. —, 132 S.Ct. 1463 (2012), that a district court has the authority to order, when it is imposing a federal sentence, that that sentence is to be served consecutive to, or concurrent with, an anticipated sentence that has not yet been imposed.

[4] The BOP also recognizes that a federal sentencing court "may, from time to time, order concurrent service of the federal sentence at some time after its imposition. This may occur when primary jurisdiction resided with the state and the court believed mistakenly that the inmate was in federal custody for service of the federal sentence on the date of imposition." PS 5160.05, Page 5. As explained herein, the BOP contacted the federal district court judge who sentenced Petitioner and asked him for his opinion as to whether the BOP should provide Petitioner with a retroactive concurrent designation. The federal district court judge advised the BOP that Petitioner "should not receive credit for the time he served in state custody on his federal sentence." [ECF No. 10-4 at 11, Resp's Ex. 2h].

7

Importantly, however, because the state court had ordered that Petitioner serve his state sentence concurrently with his federal sentence, the BOP considered, as it must under Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) and its own policies, whether it should exercise its discretion and grant Petitioner a retroactive concurrent designation pursuant to § 3621(b). In Barden v. Keohane, the U.S. Court of Appeals for the Third Circuit discussed the BOP's authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. See also PS 5160.05, Pages 5-7. For example, the BOP recognizes that the following might occur: the state had primary custody over an inmate, his federal sentence is imposed first, the federal sentencing court does not order that the federal sentence be served concurrently with any state sentence, and then the state court subsequently imposes a state sentence and orders that it is to be served concurrently with the federal sentence. See Barden, 921 F.2d at 478-83; PS 5160.05, Pages 5-7. When this occurs, the inmate typically will have served his state sentence at a state institution and upon release is sent to federal custody for service of his federal sentence. The inmate is permitted to request that the BOP retroactively designate the state institution as the correctional institution where he began service of his federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), which in effect amounts to the imposition of a retroactive concurrent federal sentence. Id. at 478-83; PS 5160.05, Pages 5-7.[5]

Although the BOP must consider the inmate's request for concurrent service of sentences, it is not obligated to grant the request. Barden, 921 F.2d at 478 n.4 ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."); PS 5160.05, Page 6 ("there is no obligation under Barden for the Bureau

---

[5] The BOP may also consider the state court's sentencing order as a request that the inmate be permitted to serve his federal and state sentences concurrently. PS 5160.05, Page 7.

to grant the request by designating a state institution retroactively as the place to serve the federal sentence."). The BOP will review the federal sentencing court's Judgment and Commitment Order, the state sentence data records, and any other pertinent information relating to the federal and state sentences. PS 5160.05, Pages 5-7. BOP policy further instructs:

> (c) In making the determination[ ] if a designation for concurrent service may be appropriate (*e.g.*, the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the [The Regional Inmate Systems Administrator ("RISA")] will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.
>
> (d) If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

PS 5160.05, Page 6.

### (b) The BOP did not abuse its discretion in denying Petitioner's request for a retroactive concurrent designation under § 3621

When Petitioner learned how the BOP is calculating his federal sentence, he filed an administrative remedy. In response, the BOP informed him that, in accordance with § 3621 and its policies, the BOP Designation and Sentence Computation Center had contacted the federal district court judge who had sentenced him for a statement concerning his position on a retroactive designation. [ECF No. 3-2 at 14]. The letter to the judge, dated October 1, 2010, explained how the BOP was calculating Petitioner's sentence and informed him that Petitioner requested that the BOP recalculate his federal sentence so that he receive credit for the time served on his state sentence. It was explained that the BOP could retroactively commence an inmate's federal sentence upon imposition, if such a designation were consistent with federal statutes and the intent of the federal sentencing court. The letter requested

9

that the judge advise the BOP regarding his position on retroactive designation. [ECF No. 10-4 at 8-9, Resp's Ex. 2g].

The federal district court judge replied to the BOP in a letter dated November 4, 2010. He wrote:

> It is the position of this Court that defendant Crawford should not receive credit towards his federal sentence of the time he served in State of Florida custody for [his state] criminal convictions. While the defendant's sentence for Trafficking in Cocaine may have been related somewhat to the federal offense, the convictions for Robbery with a Deadly Weapon, Second Degree Murder, Shooting into an Occupied Vehicle and Escape were completely unrelated. It must be noted that the Trafficking sentence was concurrent [with his other state sentences] and did not affect the length of Crawford's state incarceration. For these reasons defendant Crawford should not receive credit for the time he served in state custody on his federal sentence.

[ECF No. 10-4 at 11, Resp's Ex. 2h].

After it received the judge's response, the BOP conducted a Barden v. Keohane review to determine whether to grant Petitioner's request for a retroactive designation of the state institution as the institution for service of his federal sentence. The five factors set for in § 3621(b)[6] were considered with respect to Petitioner's particular circumstances. After consideration of all five factors, including Petitioner's extensive prior criminal record (Factor 3) and the federal district court judge's advisement against retroactive designation (Factor 4), it was determined that Petitioner's request should be denied. Therefore, Petitioner did not receive a retroactive designation of concurrency under § 3621(b). [ECF No. 10-4 at 13-14, Resp's Ex. 2i].

Thus, the BOP considered, as it must, the factors set forth in § 3621(b) and concluded that such a designation was not warranted in Petitioner's case. It did not abuse its discretion in denying Petitioner's request for a retroactive concurrent designation. See Barden, 921 F.2d at 484. See also George, No. 11-2406, 2012 WL 541535, *3 (finding that the BOP did not abuse its discretion in denying a *nunc pro tunc*

---

[6] Those factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission.

designation and noting that "the BOP followed the guidelines we established in Barden …; moreover, the federal sentencing court was (and remains) silent on whether the federal sentence was to be consecutive or concurrent, in light of the default presumption of consecutive sentences, see 18 U.S.C. § 3584(a).")

Although the state court judge at Criminal Docket No. 91-13993CF ordered the sentence that he was imposing was to run concurrently with Petitioner's federal sentence, the BOP is charged with carrying out the sentence that the federal court imposed, not the sentence the state court imposed. Id. at 480-84. The federal district court judge did not order – at the time of sentencing or at any point subsequent to sentencing (see PS 5160.05, Page 5) – that Petitioner serve his federal sentence concurrently with his state sentences. Therefore, the BOP is not obligated to calculate Petitioner's federal sentence as concurrent with his state sentence.

At first glance the result may seem harsh, until one considers that the State of Florida credited against Petitioner's state sentences all the time that he served in official detention through December 25, 2009. Therefore, the duration of Petitioner's state sentence was not extended by the BOP's determination. And, although the BOP has calculated Petitioner's federal sentence in a manner that he opposes, the BOP's calculation is in accordance with the federal sentencing statutes and applicable agency policy and there is no basis for a federal habeas court to order it to modify its calculation.

**2. Calculation of the date upon which a federal sentence commences**

Next, this Court must consider whether the BOP violated 18 U.S.C. § 3585(a) in determining that Petitioner's federal sentence commenced on January 19, 2010.

**(a) Statutory and policy background**

Section 3585(a) governs the date a federal sentence commences, and it provides:

11

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

A federal sentence cannot commence earlier than the date on which it was imposed. PS 5880.28, Chapt. 1, Page 13; United States v. LaBeille-Soto, 163 F.3d 93, 98 (2nd Cir. 1998); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983).

When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. 1, Page 12. Oftentimes, however, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. As previously noted, at common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. Once again, the primary custody doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, *e.g.*, granting bail, dismissing the charges, releasing the individual to parole or at the expiration of his sentence. See, e.g., George, 2012 WL 541535, at *1 n.4.

The BOP has incorporated the common law primary custody doctrine into its policies. Thus, if the federal government has primary custody of an inmate on the date his federal sentence is imposed, the federal government is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate his federal sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is consecutive to any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12. If, however, the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence concurrently with any state sentence, the BOP will return custody of the inmate to the state, commence the federal sentence, and designate the state facility as the place of service of the federal sentence pursuant to its authority under § 3621(b). PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

### (b) The BOP did not violate § 3585(a) in commencing Petitioner's federal sentence on January 19, 2010

As set forth above, Petitioner was in primary state custody on the date of his federal arrest. On the date his federal sentencing court imposed his federal sentence (October 20, 1993), he was "on loan" to the USMS pursuant to a writ of habeas corpus *ad prosequendum*. Therefore, the BOP policy that directs that a prisoner's federal sentence commences upon imposition if he "is in exclusive federal

13

custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum)," does not apply to Petitioner. PS 5880.28, Chapt. 1, Page 12.

On January 19, 2010, Petitioner was "received in custody awaiting transportation to" a federal facility to serve his federal sentence. Accordingly, the BOP properly commenced his federal sentence on that date pursuant to § 3585(a) and applicable policy. See PS 5880.28, Chapt. 1, Pages 12-13, 31-33 and PS 5160.05, Pages 2-12 (If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is consecutive to any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody).

### 3. Calculation of prior custody credit under § 3585(b)

Section 3585(b) provides:

*A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –*

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*That has not been credited against another sentence.*

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. See, e.g., Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2001); United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007).

14

The BOP has determined that Petitioner is entitled to only 24 days of federal prior custody credit under § 3585(b) (from December 26, 2009 through January 18, 2010). It has reached that determination because the State of Florida credited against Petitioner's state sentences all of the time that he spent in official detention between the date his federal offense conduct was deemed to have concluded (January 1, 1992) through December 25, 2009, including all of the time that he was in the temporary custody of federal authorities pursuant to the writ of habeas corpus *ad prosequendum*. [ECF No. 10-3 at 10-11, Resp's Ex. 2, Carr Decl. ¶ 15]. Accordingly, the BOP is statutorily precluded from granting Petitioner any prior custody credit under § 3585(b) for any time he spent in official detention prior to December 26, 2009. Rios, 201 F.3d at 271-76; Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence).

The BOP has created a limited exception to § 3585(b)'s rule against double credit in accordance with the decisions in Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) and Willis v. United States, 438 F.2d 923 (5th Cir. 1971). Pursuant to Kayfez, the BOP will grant to a federal prisoner an amount of qualified double credit if the following conditions are present: (1) *the non-federal and federal sentences are concurrent*; (2) the raw effective full term ("EFT") date of the non-federal term is later than the raw EFT of the federal term; and (3) the non-federal raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal raw EFT date. PS 5880.28, Chapt. 1 at Pages 22B-24. Pursuant to Willis, the BOP will award an amount of non-federal presentence credit if the following conditions are present: (1) *the non-federal and the federal sentences are concurrent*; and (2) the non-federal raw EFT is either the same or earlier than the federal raw EFT. Id. Neither Kayfez nor Willis applies to this case because the BOP determined that Petitioner's federal sentence was not concurrent to his state sentences. [ECF No. 10-3 at 11, Resp's Ex. 2, Carr Decl. ¶¶ 16-17].

15

### C. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that that the petition for a writ of habeas corpus be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

> /s/ Susan Paradise Baxter
> SUSAN PARADISE BAXTER
> United States Magistrate Judge

Dated: October 3, 2012

cc: The Honorable Sean J. McLaughlin
United States District Judge